FILED

MAR 29 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MELLERT,<br><br>Defendant. | Case No. C03-0619 MHP<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

On December 17, 2003, the parties in the above-titled action appeared before the Court for an evidentiary hearing to determine whether a civil monetary penalty and prejudgment interest should be imposed on defendant Kenneth Mellert. The Securities and Exchange Commission ("SEC") sought the maximum penalty authorized by Section 21A of the Exchange Act – three times the profit gained as a result of Mr. Mellert's insider trading activity. Mr. Mellert argued that his $59,000 criminal fine – equal to the amount of disgorgement – was sufficient and that no additional civil penalty should be imposed.

The Court, having considered the record in this case and the companion criminal case *U.S. v. Mellert,* CR 03-0043 MHP, the briefs filed by the parties, other evidence submitted at the hearing, and the arguments of the parties, makes the following findings and determinations:

The Insider Trading and Securities Fraud Enforcement Act of 1988 ("ITSFEA"), § 21A of the Exchange Act, permits the Court to impose a civil monetary penalty against a defendant up to three times the illegal profit obtained from insider trading. *See* 15 U.S.C. § 78u-1. Courts have commonly found that the goal of deterrence is satisfied where a criminal fine or civil penalty is imposed in an amount equal or similar to the amount disgorged. *See, e.g., SEC v. Freeman,* No. 00 CIV 1963, 2003 WL 22516893, *1, 17-18 (S.D.N.Y. Nov. 6, 2003); *SEC v. Shah,* No. 92 CIV 1952 RPP, 1993 WL 288285, *6 (S.D.N.Y. July 28, 2003); *SEC v. Yun,* 148 F. Supp. 2d 1287, 1295 n.1 (M.D. Fla. 2001); *SEC v. Clark,* No. C87-7112, 1989 WL 265479, *5 (W.D. Wash. May 16, 1989). The decision whether to impose a monetary penalty that goes beyond disgorgement of illegal profits in order to serve the goal of deterrence rests in the sound discretion of the Court. *See SEC v. Sargent,* 329 F.3d 34, 42 n.2 (1st Cir. 2003).

The Court may consider several factors in determining whether an additional civil penalty under the ITSFEA is warranted. These factors include: (1) whether the violation is egregious; (2) whether the conduct is of a repeated nature; (3) the defendant's financial worth; (4) whether the defendant concealed his trading; (5) other penalties arising as the result of the defendant's conduct; and (6) whether the defendant is employed in the securities industry. *See Id* at 42.

After considering these factors, the Court concludes that an additional civil penalty is not necessary to accomplish the objective of deterrence. First, Mr. Mellert's conduct was not egregious in comparison with other insider trading cases. *See SEC v. Patel,* No. 93 CIV 4603 RPP, 1994 WL 364089, (S.D.N.Y. July 13, 1994) (deterrence satisfied by $453,000 disgorgement; no civil penalty imposed), *aff'd in part, rev'd in part on different grounds,* 61 F.3d 137 (2d Cir. 1995). Mr. Mellert's conduct was essentially an isolated incident and a one-time occurrence. The profits – $59,000 to himself and $109,000 to Roman Mayer, a tipee – were not excessive. Moreover, Mr. Mellert made no effort to conceal his ill-gotten gains. In fact, he placed his profits in an account where they remained untouched. Mr.

Mellert has also suffered a felony criminal conviction based on the same insider trading conduct. As part of his criminal sentence, he was ordered to pay a $59,000 criminal fine and is subject to six months confinement as a condition of probation. Lastly, Mr. Mellert is not employed in the securities industry. With respect to his financial worth, the Court recognizes that Mr. Mellert and his family are in a better position than most. However, his ability to pay alone cannot tip the balance in favor of the imposition of a civil penalty where other factors are lacking.

At the time of his criminal sentencing, the Court found that "the dual purposes of individual and societal deterrence [were] satisfied." *See U.S. v. Mellert*, CR 03-0043 MHP, Memorandum – Statement of Reasons, p. 6, ln. 26-27. The Court remains confident that Mr. Mellert will not re-offend. In considering whether there is some reasonable monetary penalty the Court could impose that would deter others from engaging in insider trading, the Court concludes that even if it were possible to predict the deterrent effect on others, the amount necessary to achieve that impact is not justified on this record.

Therefore, having weighed each factor and considered the overall deterrence objective, the Court finds that no civil monetary penalty is warranted in this case and imposes none against Mr. Mellert.

The Court orders that Mr. Mellert pay prejudgment interest in the amount requested by the SEC – $2,825.61. Mr. Mellert shall pay said amount, along with the amount of disgorgement, within ten days of entry of the Final Judgment.

There being no objection to these proposed findings and conclusions, they shall be entered as the order of this court.

IT IS SO ORDERED.

Dated: 3/28/06

JUDGE MARILYN HALL PATEL
United States District Court