HELANE L. MORRISON (CA Bar No. 127752)
JOHN S. YUN (CA Bar No. 112260)
ROBERT L. MITCHELL (CA Bar No. 161354)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

FILED

MAR 2 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MELLERT and ROMAN D. MAYER,<br><br>Defendants. | Civil Action No. C 03-CV-00619 (MHP)<br><br>(PROPOSED) FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF |

1       Plaintiff United States Securities and Exchange Commission ("Commission") has filed its
2 Complaint ("Complaint") in this action. Defendant Kenneth W. Mellert ("Mellert"), who was
3 represented by his counsel, has submitted a Consent of Kenneth W. Mellert to Entry of Permanent
4 Injunction and Other Relief ("Consent"), which was filed simultaneously with this [Proposed] Final
5 Judgment of Permanent Injunction and Other Relief ("Final Judgment") and incorporated herein by
6 reference. In the Consent, Mellert waived service of the Summons and the Complaint, admitted the
7 jurisdiction of this Court over him and over the subject matter of this action, admitted that he was
8 fully advised and informed of his right to a judicial determination of this matter, waived findings of
9 fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure,
10 consented to the entry of this Final Judgment, without admitting or denying any of the allegations in
11 the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this
12 Final Judgment. The Court, being fully advised in the premises, orders as follows.

I.

14       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Mellert and his agents,
15 servants, employees, attorneys in fact, and all persons acting in concert or participation with any of
16 them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of
17 them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of
18 the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17
19 C.F.R. § 240.10b-5] thereunder by:

20     1.    employing any device, scheme, or artifice to defraud;

21     2.    making any untrue statement of a material fact or omitting to state a material fact
22            necessary in order to make the statements made, in the light of the circumstances
23            under which they were made, not misleading; or

24     3.    engaging in any act, practice, or course of business which operates or would operate
25            as a fraud or deceit upon any person, in connection with the purchase or sale of the
26            securities of any issuer, by the use of any means or instrumentality of interstate
27            commerce, or of the mails, or of any facility of any national securities exchange.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mellert, as a result of his activities alleged in the Complaint, shall pay disgorgement in the amount of $59,000. Defendant shall pay this sum within ten business days after entry of this Judgment to the Clerk of this Court, together with a cover letter identifying Kenneth W. Mellert as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mellert, as a result of his conduct alleged in the Complaint, shall pay prejudgment interest on the disgorgement amount as well as a civil penalty, if any is imposed, pursuant to the provisions of Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. The Court shall determine the appropriate amount of prejudgment interest and the penalty, if any, in further proceedings on the record.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the event of a judicial determination of prejudgment interest and penalties as set forth above, Mellert shall not, in any appeal of such prejudgment interest or penalties, assert that he did not violate the Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder, as set forth in this Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of Mellert's Consent filed concurrently with this Judgment are incorporated by this reference, that Mellert shall comply with the Consent and that a breach of the terms of the Consent therefore shall constitute a failure to adhere to the terms of this Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to set the amount of prejudgment interest and/or penalties and to implement and enforce the terms of this Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment may be served upon Mellert in person or by mail either by the Clerk of the Court, or any member of the staff of the Commission.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

Dated: 3/28, 2006

_____
United States District Court Judge

APPROVED AS TO FORM:

_____
Edwin Prather, Esq.
Rogers Joseph O'Donnell and Phillips
Counsel for Defendant Kenneth Mellert